UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: CV 20-11115 AB (RAOx)   Date: September 22, 2021
Title: Anthony Shacar v. Trans Union LLC et al.

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Donnamarie Luengo | N/A |
|---|---|
| Deputy Clerk | Court Reporter/Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER RE: MOTION FOR RELIEF [41]**

On September 3, 2021, Plaintiff Anthony Shacar ("Plaintiff") filed a Rule 36(b)[1] Motion to Deem Responses to Defendant Portfolio Recovery Associates, LLC's ("Defendant") Requests for Admissions Not Admitted and Motion to Hold that Plaintiff's Untimely Objections to Defendant's Requests for Production of Documents and Interrogatories as Not Waived (collectively, "Motions"). Dkt. No. 41. The Motions are accompanied by a joint stipulation, two declarations, and exhibits. *See id.* Plaintiff seeks relief from a short delay in serving responses to Defendant's requests for admission ("RFAs"), requests for production ("RFPs"), and interrogatories. *See id.* On September 15, 2021, each party filed a supplemental memorandum. Dkt. Nos. 43, 44. The Court finds the matter suitable for decision without oral argument and HEREBY VACATES the September 29, 2021 hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the reasons set forth below, the Court GRANTS the Motions.

I.   BACKGROUND

Defendant emailed discovery requests consisting of RFAs, RFPs, and interrogatories to Plaintiff on June 24, 2021. Hammoud Decl. ¶ 2; Cardasis Decl. ¶ 4 & Ex. 3. The email was inadvertently overlooked by Plaintiff's counsel and the deadline to respond was not calendared by a paralegal who later left the firm. Hammoud Decl. ¶¶ 3, 4. On Friday, July 30, 2021, Defendant's counsel notified Plaintiff's counsel that discovery responses had been due on July 26, 2021. *Id.* ¶ 6. Plaintiff's counsel reached out to Defendant's counsel and requested a seven-day extension. *Id.* On Monday, August 2, 2021, Plaintiff served his discovery responses by

---

[1] Fed. R. Civ. P. 36(b). All further references to "Rules" are to the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 20-11115 AB (RAOx) | Date: | September 22, 2021 |
| Title: | Anthony Shacar v. Trans Union LLC et al. | | |

email.  *Id.* ¶ 7.  On August 13, 2021, Defendant denied Plaintiff's request for an extension.  *Id.* ¶ 9.

**II.   DISCUSSION**

  **A.   Plaintiff's Rule 36(b) Motion**

As an initial matter, Defendant appears to object to Plaintiff's framing of his motion regarding the late RFA responses.  Defendant considers Plaintiff's motion to be a request for an extension and cites the relevant standard under Rule 6(b).  However, Plaintiff does not request an extension of time.  Rather, Plaintiff requests that the Court not deem the RFAs as admitted and allow Plaintiff to amend any deemed admissions with the responses provided on August 2, 2021.  Joint Stip. at 48.  Plaintiff calls the motion a "Rule 36(b) motion" and cites to the standard under Rule 36(b) for a court to permit withdrawal or amendment in the Joint Stipulation.  *Id.* at 1, 4-7.  The Court finds this sufficient to construe Plaintiff's motion as a Rule 36(b) motion for withdrawal of his admissions to the RFAs.

Under Rule 36, a party may serve on any other party a request to admit the truth of any matter within the scope of Rule 26(b)(1) relating to: (A) "facts, the application of law to fact, or opinions about either"; and (B) "the genuineness of any described documents."  Fed. R. Civ. P. 36(a)(1).  "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."  Fed. R. Civ. P. 36(a)(3).  Parties may stipulate to a shorter or longer time for responding.  *Id.*  "Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits . . . ."  Fed. R. Civ. P. 36(b).

"Rule 36(b) is permissive, not mandatory, with respect to the withdrawal of admissions."  *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007) (citing *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1248 (9th Cir. 1981)).  Thus, a court may "exercise its discretion to grant relief from an admission made under Rule 36(a) only when (1) the presentation of the merits of the action will be subserved, and (2) the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits."  *Id.* (internal quotation marks omitted).  "[A] district court must specifically consider both factors under the rule before deciding a motion to withdraw or amend admissions."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 20-11115 AB (RAOx) | Date: | September 22, 2021 |
| Title: | Anthony Shacar v. Trans Union LLC et al. | | |

*Id.* at 622. "Trial courts are advised to be cautious in exercising their discretion to permit withdrawal or amendment of an admission." *999 v. C.I.T. Corp.*, 776 F.2d 866, 869 (9th Cir. 1985). Rule 36 is not to be used to harass the opposing party or in the hope that an opposing party will concede essential elements. *Conlon*, 474 F.3d at 622. Rather, the goals of the rule are "truth-seeking in litigation" and "efficiency in dispensing justice." *Id.*

Here, there is no dispute that Plaintiff failed to provide his responses to the RFAs within 30 days as required by Rule 36(a)(3). Defendant did not agree to extend the time for Plaintiff to respond. Therefore, the matters addressed in the RFAs were admitted even though Plaintiff provided responses one week after they were due.[2] The Court applies Rule 36(b) in determining whether Plaintiff may withdraw his admissions.

"The first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995). Plaintiff's complaint alleges a violation of the Fair Credit Reporting Act ("FCRA") for failing to conduct a reasonable investigation after receiving notice of Plaintiff's dispute from Defendant Trans Union,[3] and a violation of the California Consumer Credit Reporting Agencies Act ("CCRAA") for reporting inaccurate information on Plaintiff's credit report. Compl. ¶¶ 2-3. By operation of Rule 36(a)(3), Plaintiff has admitted that he has no documents to support that Defendant failed to perform a reasonable investigation into his credit dispute, that he is not aware of any facts to support his claim that Defendant willfully violated the FCRA or the CCRAA, and that he has not suffered any actual damages, economic harm, or emotional harm as a result of any act or omission of Defendant. Plaintiff would be unable to support his FCRA claim against Defendant with any documentary evidence and he would be without a claim for damages according to these admissions. The Court finds that allowing Plaintiff to withdraw his admissions would promote the presentation of the merits of the action as Plaintiff would be able to provide documentary evidence in support of liability on his claims and he could seek damages. *See AECOM Energy & Constr., Inc. v. Ripley*, No. CV 17-5398-RSWL (SSx), 2018 WL 6266462, at *5 (C.D. Cal. Oct. 3, 2018) (collecting cases and finding

---

[2] Although Plaintiff states that his responses were late by five days, assuming Defendant was correct in asserting that responses were due by July 26, 2021, the August 2, 2021 responses were late by one week. The Court notes that its findings would be the same whether the responses were late by five days or one week.

[3] Plaintiff and Trans Union have settled Plaintiff's claims against Trans Union. Dkt. No. 42.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: CV 20-11115 AB (RAOx)      Date: September 22, 2021
Title: Anthony Shacar v. Trans Union LLC et al.

---

that courts consider whether withdrawal would assist in the presentation of evidence on any claim or defense, including a claim for damages). The Court turns to the second factor of the Rule 36(b) test.

"When undertaking a prejudice inquiry under Rule 36(b), district courts should focus on the prejudice that the nonmoving party would suffer at trial." *Conlon*, 474 F.3d at 623. "The party relying on the deemed admission has the burden of proving prejudice." *Id.* at 622. Here, Defendant has not shown that it would suffer any prejudice at trial or otherwise if the Court permits Plaintiff to withdraw his admissions. Plaintiff provided the responses one week after they were due. Moreover, the fact discovery cut-off is over 12 weeks away. *See* Dkt. No. 40 (continuing non-expert discovery cut-off to December 17, 2021). Defendant has ample time to seek discovery to the extent it needs to in light of Plaintiff's August 2, 2021 responses to the RFAs. The Court finds that there is minimal prejudice to Defendant if Plaintiff is permitted to withdraw his admissions. *See Krueger v. Renihan*, No. 2:19-cv-00625-BJR, 2020 WL 818739, at *2 (W.D. Wash. Feb. 19, 2020) (excusing untimely response to RFA where defendants did not claim prejudice as to a four-day delay). Accordingly, the second prong of Rule 36(b) is satisfied.

The Court has carefully considered both Rule 36(b) factors and finds that they are met. The Court exercises its discretion to permit Plaintiff to withdraw his admissions. It is ordered that Plaintiff's admissions to the RFAs are withdrawn and the responses served on August 2, 2021 be deemed Plaintiff's RFA responses.

    **B.**     **Plaintiff's Motion Re: Untimely RFP and Interrogatory Responses**

Plaintiff moves for a holding that his untimely objections to Defendant's RFPs and interrogatories have not been waived.

Although Defendant again cites the standard for an extension under Rule 6(b), Plaintiff does not request an extension to provide his discovery responses. Rather, Plaintiff requests that the Court hold that his untimely objections in his August 2, 2021 discovery responses are not waived.

Under Rule 33, any ground to object to an interrogatory that is not stated in a timely objection is waived unless the Court, for good cause, excuses the failure. Fed. R. Civ. P. 33(b)(4). Although Rule 34 does not include the same language regarding waiver of objections, courts have treated waiver under Rule 34 the same as waiver under Rule 33. *Barlow v. Herman*,

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 20-11115 AB (RAOx) | Date: | September 22, 2021 |
| Title: | Anthony Shacar v. Trans Union LLC et al. | | |

No. 2:13-CV-00033-JAD, 2014 WL 60213, at *3 (D. Nev. Jan. 6, 2014) (collecting cases). Courts have the discretion to relieve a late-responding party from the potentially harsh consequences of waiver. *S.P. v. Cty. of San Bernardino*, No. EDCV 19-1897-JGB-KKx, 2020 WL 4335375, at *3 (C.D. Cal. May 13, 2020) (citing *Barlow*, 2014 WL 60213, at *2). "To determine whether there is good cause to find objections are not waived, courts consider (1) the length of delay, (2) the reason for delay, (3) the existence of bad faith, (4) the prejudice to the party seeking waiver, (5) the nature of the request, and (6) the harshness of imposing sanctions." *Id.* (internal punctuation omitted); *see also Karr v. Napolitano*, No. C 11-02207 LB, 2012 WL 1965855, at *5 (N.D. Cal. May 13, 2012) (evaluating same factors).

Defendant does not cite to Rule 33 or Rule 34 in its portion of the joint stipulation or its supplemental memorandum. Nor does Defendant explain why the excusable neglect standard should apply to Plaintiff's motion rather than the good cause standard that is expressly provided in Rule 33. The Court will apply the good cause standard. *See Liguori v. Hansen*, No. 2:11-cv-00492-GMN-CWH, 2012 WL 760747, at *11, *12 & n.7 (D. Nev. Mar. 6, 2012) (finding "no persuasive reason" to use the excusable neglect standard for determining relief from waiver under Rule 33 and applying the same good cause standard for delinquent Rule 34 responses).

Here, Plaintiff was late by one week in providing responses to the RFPs and interrogatories. Defendant does not dispute the reason for the delay, which was a calendaring oversight. The Court finds that there was no bad faith with respect to the delay, and Plaintiff's counsel acted promptly upon receiving notice that his responses were late in requesting an extension from Defendant and providing discovery responses within three days of notice. There appears to be no prejudice to Defendant from this delay as Defendant received the responses within a week of them being due and the fact discovery cut-off was still four months away at the time Plaintiff served his responses. Defendant's request for waiver of all objections to its RFPs and interrogatories is overly harsh at this time. Plaintiff did not delay in raising his request with the Court and there are still over 12 weeks remaining for fact discovery. Accordingly, the Court finds that there is good cause to relieve Plaintiff from the consequences of waiver. *See, e.g.*, *Karr*, 2012 WL 1965855, at *6 (finding good cause to excuse five-day delay in responding to RFPs due to a calendaring error); *Spectrum Scientifics, LLC v. Celestron Acquisition, LLC*, No. 20-cv-03642-EJD (VKD), 2020 WL 7352644, at *2 (N.D. Cal. Dec. 15, 2020) (finding good cause to excuse 24-day delay even though counsel did not have a good explanation for the delay where the delay did not prejudice the opposing parties).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   CV 20-11115 AB (RAOx)                                Date:   September 22, 2021
Title:          Anthony Shacar v. Trans Union LLC et al.

The Court recognizes that some courts have found calendaring errors and other similar instances of carelessness do not constitute good cause. *See, e.g.*, *Lizarraga v. Buffalo Wild Wings, Inc.*, No. 2:15-cv-1655-MMD-VCF, 2016 WL 1465338, at *2 (D. Nev. Apr. 14, 2016). However, even absent a showing a good cause, courts may hold that untimely objections are not waived where the delay in response was not substantial. *See id.* (permitting objections to stand despite failure to show good cause where discovery responses were delayed by approximately 11 days); *see also Burlington Ins. Co. v. Okie Dokie, Inc.*, 368 F. Supp. 2d 83, 91 (D.D.C. 2005) (declining to bar plaintiff from asserting objections because defendant would not suffer prejudice from the nine-day delay and plaintiff had not demonstrated a pattern of misconduct). Thus, even if Plaintiff did not establish good cause here, the Court would excuse Plaintiff from the harsh results of waiver because the one-week delay was not substantial.

The Court warns Plaintiff that although Plaintiff will be relieved from waiver of his objections in this instance, the Court will not be inclined to grant similar relief in the future for calendaring errors or carelessness of counsel.

### III.   CONCLUSION

The Court **GRANTS** Plaintiff's Motions. Plaintiff's admissions to the RFAs based on Plaintiff's failure to provide timely responses are withdrawn and Plaintiff's August 2, 2021 responses to the RFAs are deemed to be Plaintiff's responses. Additionally, the Court relieves Plaintiff of the waiver of objections due to his untimely responses to Defendant's RFPs and interrogatories.

The Court makes one final observation. The undersigned offers an informal discovery conference procedure to assist parties in resolving their discovery disputes in an efficient manner. The disputes raised by the parties in the instant joint stipulation may have been resolved with much less, if any, briefing had the parties first approached the Court for an informal discovery conference. The Court directs the parties to review the undersigned's procedures page, available on this district's webpage, so that they may avail themselves of this process, if appropriate, for any future discovery disputes.

**IT IS SO ORDERED.**

:
Initials of Preparer        dl